**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BEDNEY JOHNSON-UNDERWOOD,

Plaintiff,

v.

TYRONE S. BICKERDT,

Defendant.
_______________________________/

Case No. 2:26-cv-12741

Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Bedney Johnson-Underwood ("Johnson-Underwood"), who is currently confined at the Chippewa Correctional Facility in Kinceloe, Michigan, filed this *pro se* civil rights complaint against Attorney Tyrone S. Bickerdt ("Bickerdt") for ineffective assistance of counsel. *See generally* ECF No. 1. The Complaint is now under initial review, as required by the Prisoner Litigation Reform Act ("PLRA"). Because the Complaint fails to state a claim upon which relief can be granted, the Court **SUMMARILY DISMISSES** this matter for the reasons stated below.

### I.

This case was transferred to the Court on order from the United States District Court for the Western District of Michigan. ECF No. 2. Johnson-Underwood is seeking monetary damages against his former lawyer, Bickerdt, an attorney for the

Neighborhood Defender Service of Detroit, Michigan. *See* ECF No. 1. Johnson-Underwood claims Bickerdt failed to request a psychological forensic examination, despite Johnson-Underwood informing him that he suffers from Post-Traumatic Stress Disorder and had no memory of the event. *Id.* Johnson-Underwood does not allege what court this was in or whether this was a civil or criminal case.

**II.**

Under the PLRA, courts are authorized to *sua sponte* dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

While *pro se* civil rights complaints are to be construed liberally, a complaint that lacks an arguable basis in law or fact is frivolous. *Compare Erickson v. Pardus,* 551 U.S. 89, 94 (2007), *with Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also*

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

**III.**

To state a *prima facie* case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

Here, Johnson-Underwood's claim fails on the first element: a defendant acting under color of state law. Bickerdt, his court-appointed trial attorney, is not a state actor within the meaning of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317 (1981). Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983. *See Floyd v. County of Kent,* 454 F. App'x 493, 497 (6th Cir. 2012) (public defender could not be liable in *pro se* § 1983 suit for ineffective assistance of counsel brought by former client, as he did not act under color of state law when performing traditional functions as counsel for the accused).

Therefore, because the claims lacks any arguable basis in law, the Complaint is dismissed for failure to state a claim against upon which relief can be granted. This Court further certifies that any appeal by Johnson-Underwood would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

**IV.**

Accordingly, because Johnson-Underwood fails to state a claim upon which relief can be granted, the Court hereby summarily **DISMISSES WITH PREJUDICE** the Complaint (ECF No. 1). The Court **CERTIFIES** that any appeal would not be undertaken in good faith.

***This is a final order that closes the case.***

**IT IS SO ORDERED.**

Dated: August 21, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge